CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT OF THE CASE
 

 On February 17, 2000, plaintiffs, Kim and Tim Tumminello, on behalf of themselves and them minor child, Savannah, and Lorrel Schlosser, filed suit against Columbia Lakeside Hospital, Ana Berger-on, R.N. and her insurer, Dr. John Megi-son and his insurer, Louisiana Medical Mutual Insurance Company (“LMMIC”), Lakeside Women’s Specialty Center (“LWSC”) and its insurer, St. Paul Fire and Marine Insurance Company, and Vivian Locantro. This petition alleged the plaintiffs suffered damages after Kim suffered an allergic reaction to Ampicillin given to her while pregnant. As a result of the allergic reaction, an emergency C-section was performed. The baby, Savannah, now suffers from cerebral palsy.
 

 Prior to the filing of this petition, this matter was submitted to a medical review panel. A decision by that panel on November 29, 1999 found that Dr. Megison and LWSC did not fail to meet the applicable standai'd of care. However, the panel found Columbia Lakeside Hospital did fail to comply with the appropriate standard of care.
 

 [3Plaintiffs’ petition alleged Columbia Lakeside Hospital, Ana Bergeron, R.N., and Dr. Megison are qualified health care providers and those claims would, therefore, fall under the Louisiana Medical Malpractice Act. The petition alleged LWSC and Locantro are not qualified health care providers, therefore, plaintiffs allege the claims against them do not fall under the Act.
 

 The LWSC filed a motion for summary judgment which was denied on August 5, 2003. The trial court found genuine issues of material fact existed. This Court denied LWSC’s writ application September 11, 2003. On March 14, 2006, LWSC and its insurer LLMIC filed another Motion for Partial Summary Judgment arguing that the LWSC is a qualified health care provider and is, therefore, covered under the medical practice act. In its memo in support of its motion for partial summary judgment, LWSC referenced previous court proceedings that had taken place before the filing of the current petition. In these previous proceedings, the trial court granted LWSC’s exception of prescription finding it to be a qualified health care provider and finding the matter must first go before a medical review panel, which the matter did. The LWSC further explained that the plaintiffs had settled with Columbia Lakeside Hospital in November 2001.
 

 LWSC claimed in its motion that it was a qualified health care provider in 1997 because the surcharge had been paid on its behalf to the Patients Compensation Fund (“PCF”). A letter had been sent from the PCF in September 1998 indicating that LWSC was not qualified because the surcharge had not been paid. However, the letter indicated that Drs. Andonie and Me-
 
 *260
 
 gison were qualified and had paid the surcharge.
 

 In the previous proceedings, LWSC had filed an exception of prematurity arguing that since the doctors were qualified, the limited liability company, LWSC, was also qualified and the insurance policy provided coverage for all employees ofJJLWSC. The trial court granted the exception, found LWSC to be a qualified health care provider because the physicians practicing as the LWSC were qualified. However, when plaintiffs filed their lawsuit, they alleged LWSC was not a qualified health care provider and a medical review panel was not necessary before filing of the petition, based on the letter previously received from the PCF.
 

 In its motion for summary judgment, the LWSC argued that the previous ruling granting the exception of prematurity correctly found it to be a qualified health care provider because the doctors that comprised the LWSC company were qualified health care providers. The LWSC provided certificates of insurance for each of the doctors and argued that each had paid a surcharge to the PCF in 1997. LWSC alleged it was not necessary for the professional corporation to pay an additional surcharge itself.
 

 A hearing on the motion for summary judgment was held April 12, 2006 and the trial court entered a judgment on April 26, 2006 granting the motion for partial summary judgment and finding LWSC to be a qualified health care provider. No supervisory writs or appeals were taken from this judgment.
 

 On September 7, 2006, defendants Dr. Megison, LWSC, and LMMIC filed a Motion to Quash a Subpoena Duces Tecum from the plaintiffs. A hearing was held and at the hearing the plaintiffs agreed that the purpose of the subpoena duces tecum was to attempt to discover evidence regarding LWSC’s status as a qualified health care provider. During the hearing, the trial court stated the April 26, 2006 judgment, which found LWSC to be a qualified health care provider, was not a final judgment. However, the court went on to state it would not allow the plaintiffs to engage in a fishing expedition regarding the issue previously resolved by the court. The court further stated that it had reviewed the documents submitted with the motion for partial summary judgment, entered the summary judgment and |sthe plaintiffs had plenty of time to complete discovery before that time. The trial court also found the subpoenas were not properly served. A written judgment granting the motions to quash was signed by the trial court November 15, 2006.
 

 Plaintiffs filed writs with this Court arguing the trial court erred in granting the motions to quash. This Court denied the writ application on February 6, 2007 finding no abuse of the trial court’s discretion. The Louisiana Supreme Court also denied writs on this issue.
 

 On March 21, 2007, defendants filed a motion for partial summary judgment arguing the plaintiffs had already received the full amount recoverable under medical malpractice law when they settled with Columbia Lakeside Hospital for $227,000.00 and with the PCF for $1,950,000.00. Defendants contended the plaintiffs had no further claim to pursue. A hearing was held on June 19, 2007 and the trial court denied the motion in open court. A written judgment denying the motion was executed by the trial court on July 24, 2007.
 

 On June 21, 2007, defendants filed another motion for partial summary judgment regarding the issue of Vivian Lo-cantro’s status as a qualified health care provider. She was an employee of
 
 *261
 
 LWSC and the trial court had previously held that LWSC was a qualified health care provider. Plaintiffs had filed a Fifth Supplemental and Amending Petition alleging Locantro was employed by LWSC as a medical assistant and was not a qualified health care provider. A hearing on this motion was held August 21, 2007. At that hearing, defendants argued that if there is a claim against Locantro, as an employee of LWSC, she should be considered a qualified health care provider because LWSC is a qualified health care provider. Thus, the claims against her must first be reviewed by a medical review panel.
 

 | (¡Defendants also filed a motion for new trial on the motion for partial summary judgment regarding the issue of the plaintiffs’ previous settlement with Columbia and the PCF. Additionally, the plaintiffs filed a motion to revise the partial summary judgment previously granted by the trial court finding LWSC to be a qualified health care provider. Plaintiffs sought to have the April 26, 2006 judgment finding LWSC to be a qualified health care provider to be revised because they alleged LWSC did not pay the required surcharge to the PCF as required by law for all of its health care providers. First, plaintiffs argued the judgment could be revised pursuant to La. C.C.P. art.1915 since the previous judgment was not a final judgment. Second, plaintiffs argued LWSC was not a qualified health care provider because, pursuant to La. R.S. 40:1299.42, in order to be a qualified health care provider without paying an additional surcharge, LWSC would have to show that the surcharge was paid for every shareholder, partner, member, agent, or employee who was eligible for qualification.
 

 Plaintiffs argued there was a genuine issue of material fact concerning whether the surcharge was paid for all physicians or employees of LWSC. Plaintiffs also submitted a new affidavit in which Kim stated she had been treated by a different doctor at LWSC during her pregnancy and LWSC had not shown proof of payment of a surcharge for that doctor. Therefore, plaintiffs claimed summary judgment previously granted by the trial court finding LWSC to be qualified was improper and should be revised.
 

 In addition, plaintiffs again addressed the qualification of Locantro in the memo in support of the motion to revise. Plaintiffs argued Locantro was an employee of LWSC and no surcharge was paid on her behalf for 1997 or 1998 because she was only a medical assistant. Since no surcharge was paid on her 17behalf by LWSC, plaintiffs argued Locantro was ineligible for qualification, thus LWSC would not be qualified either, at least for the acts of Locantro.
 

 In opposition to the motion to revise, defendants argued fust that plaintiffs had provided no evidence that the new doctor who allegedly treated plaintiff was employed by LWSC. Further, defendants submitted an insurance policy declaration sheet from 1997 and 1998 showing that doctor had indeed paid a surcharge to the PCF for those years. Additionally, defendants alleged that LWSC was qualified and responsible, as a qualified health care provider, for the acts of its employees, even if each employee cannot be independently qualified.
 

 A hearing was held on August 21, 2007 on defendant’s motion for partial summary judgment, defendant’s motion for new trial, and some exceptions previously raised by defendants. The trial court ruled in open court denying the motion for new trial for the same reasons the summary judgment was granted in the first place, denying all exceptions, and granting defendant’s motion for partial summary judg
 
 *262
 
 ment regarding Locantro’s status, finding her to be qualified under LWSC. Also in open court, the trial court designated the granting of the motion for partial summary judgment to be a final judgment. A written judgment was executed September 28, 2007 granting defendant’s motion for partial summai'y judgment regarding Lo-cantro’s status as qualified and designating that judgment as final. The judgment also denied defendant’s motion for new trial regarding the previous motion for partial summary judgment on the issue of the plaintiffs’ previous settlements, and denied all defendants’ exceptions.
 

 On October 10, 2007, defendants filed a Request for Written Reasons for Judgment. The trial court provided Reasons for Judgment November 9, 2007. However, these written reasons referenced the trial court denial of plaintiffs’ motion to revise the partial summary judgment previously granted by the trial court |sfinding LWSC to be qualified. We note the actual judgment denying this motion to revise was not signed until November 16, 2007, and the matter had been heard by the trial court September 19, 2007 and taken under submission.
 

 Then on November 28, 2007, the trial court provided Written Reasons for the September 28, 2007 granting of the motion for partial summary judgment regarding Locantro’s status. Plaintiffs filed a Petition for Appeal on December 3, 2007 regarding the granting of the motion for partial summary judgment on the issue of Locantro’s status that had been designated as final. On February 22, 2008, plaintiffs filed a Motion to Designate Judgments as Final Judgments. A hearing was held on April 8, 2008 and on April 14, 2008, the trial court signed a judgment designating the April 26, 2006 judgment granting the motion for partial judgment finding LWSC to be qualified as final and designating the November 16, 2007 judgment denying the motion to revise partial summary judgment to be final. Plaintiffs then filed this appeal on April 8, 2008.
 

 DISCUSSION
 

 On appeal, plaintiffs assert four assignments of error. First, plaintiffs assert the trial court erred when it ruled Locantro was a qualified health care provider on the grounds that the court had previously held LWSC to be a qualified health care provider and Locantro was an employee of LWSC. Second, plaintiffs contend the trial court erred when it ruled LWSC was a qualified health care provider because it had not paid a surcharge for 1997 and failed to prove that each of its shareholders, partners, members, agents, officers, or employees who are eligible for qualification as a health care provider are qualified health care providers and instead only provided evidence that three of its physicians were qualified. Third, plaintiffs argue the trial court erred when it denied plaintiffs’ motion to revise the ruling that LWSC is qualified. And finally, plaintiffs argue the trial court erred |9when it improperly refused to permit the plaintiffs to conduct discovery necessary to show that LWSC was not qualified.
 

 Assignment of Error Number One
 

 Plaintiffs argue that Locantro does not meet the definition of a health care provider, pursuant to the Medical Malpractice Act, therefore, she is ineligible for coverage. We agree with the plaintiffs that Locantro does not fall under the definition of a health care provider in La. R.S. 40:1299.41 and cannot be independently qualified as a qualified health care provider. However, we disagree with plaintiffs and find that she is eligible for coverage under the Medical Malpractice Act as a result of her employment with LWSC.
 

 
 *263
 
 Locantro was employed as a medical assistant with LWSC. LWSC is a limited liability company, and under the definition in La. R.S. 40:1299.41, LWSC is a health care provider. Plaintiffs have alleged Lo-cantro engaged in acts of medical malpractice while in the course and scope of her employment with LWSC. We find, as the trial court did, that LWSC was a qualified health care provider and this issue is discussed in detail in assignment of error number two below.
 

 An employee may be covered, and considered qualified, if included in the insurance coverage provided to a qualified health care provider. LWSC had such an insurance policy that covers alleged acts of malpractice. The insurance policies issued to LWSC also indicate that its employees are covered by the policy. For the year of 1997, LWSC has produced an insurance policy from St. Paul which provides that employees of LWSC are additional insureds. LWSC has also produced an insurance policy with LAMMICO for the year 1998 which also list employees as additional insureds. Therefore, Locantro was covered by the insurance policies issued to LWSC for the years 1997 and 1998. Since she is covered under the insurance policies as an employee of LWSC, and LWSC is a |inqualified health care provider, then Locantro is also considered a qualified health care provider and any medical malpractice claims against her fall under the Medical Malpractice Act.
 

 Therefore, the trial court correctly granted defendant’s motion for partial summary judgment on the issue of Locan-tro’s status as a qualified health care provider.
 

 Assignments of Error Number Two and Three
 

 Plaintiffs argue essentially the same argument in both assignments of error number two and three. Plaintiffs argue that LWSC is not a qualified health care provider. First, we note that this issue is on appeal with us after the motion to revise was denied from the previous granting of the summary judgment in April 2006. While an appeal of the April 2006 judgment is untimely, we will address this issue of the qualification of LWSC since it is the subject of the 2007 motion to revise, which was designated a final judgment and has been timely appealed.
 

 We agree with the trial court and find that LWSC is a qualified health care provider under the Medical Malpractice Act. First, LWSC clearly falls under the definition of a health care provider in La. R.S. 40:1299.41 A. LWSC is a limited liability company whose business is conducted principally by health care providers. Second, LWSC is qualified pursuant to La. R.S. 40:1299.42, which provides, in part:
 

 A. To be qualified under the provisions of this Part, a health care provider shall:
 

 (1) Cause to be filed with the board proof of financial responsibility as provided in Subsection E of this Section.
 

 (2) Pay the surcharge assessed by this Part on all health care providers according to R.S. 40:1299.44.
 

 [[Image here]]
 

 E. (1) Financial responsibility of a health care provider under this Section may be established only by filing with the board proof that the health care provider is insured by a policy of malpractice liability insurance in the amount of at least one hundred thousand dollars per claim with | nqualification under this Section taking effect and following the same form as the policy of malpractice liability insurance of the health care provider ...
 

 LWSC has provided proof of financial responsibility and shown that the neces
 
 *264
 
 sary surcharges were paid. LWSC has presented evidence that in 1997 there were three physicians that comprised the limited liability company: Dr. Andonie, Dr. Megison, and Dr. Fusilier. Certificates of insurance have been submitted for each of these individual doctors from St. Paul and LAMMICO for the years 1997 and 1998, respectively, which indicate malpractice insurance coverage for each physician. In addition, each physician paid the necessary surcharge to the PCF for those years. Since LWSC is a limited liability company, and in 1997 consisted of those three physicians, it was only necessary for financial proof and surcharges to be provided for those three individual physicians. Once that was accomplished, LWSC was automatically deemed qualified. It is not necessary for LWSC to pay an additional surcharge.
 

 Therefore, we find LWSC to be a qualified health care provider and find the trial court correctly granted the motion for partial summary judgment and correctly denied the motion to revise the previous judgment.
 

 Assignment of Error Number Four
 

 By this assignment of error, plaintiffs argue the trial court refused to permit them to conduct discovery necessary to show LWSC was not qualified. Specifically, plaintiffs argue the trial court erred in granting defendants’ motion to quash plaintiffs’ subpoena duces tecum in 2006. We will not address this issue on this appeal. Following the granting of the motion to quash, plaintiffs filed a writ application with this Court. This Court denied the writ application on February 6, 2007. The Louisiana Supreme Court denied writs April 20, 2007. Therefore, this issue has been completely disposed of.
 

 | ^Accordingly, we affirm the trial court’s judgment granting partial summary judgment in favor of defendants and finding Locantro to be a qualified health care provider and affirm the trial court’s denial of the plaintiffs’ motion to revise the partial summary judgment regarding the finding that LWSC was a qualified health care provider.
 

 AFFIRMED.